1

2

3                          UNITED STATES DISTRICT COURT

4                               DISTRICT OF NEVADA

5                                      * * *

6    MICHAEL COTA,                              Case No. 3:21-cv-00376-MMD-CSD

7                          Plaintiff,                           ORDER

8         v.

     BOBBIE R. WILLIAMS, *et al*.,

9
                           Defendants.
10

11         *Pro se* Plaintiff Michael Cota, who is incarcerated in the custody of the Nevada

12   Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983. Before

13   the Court is United States Magistrate Judge William G. Cobb's Report and

14   Recommendation (ECF No. 8 ("R&R")),[1] recommending that the Court grant one of Cota's

15   applications to proceed *in forma pauperis* (ECF No. 3 ("IFP Application")), deny the other

16   two IFP Applications (ECF Nos. 1, 4), deny Cota's motion for a subpoena (ECF No. 5),

17   and dismiss the case with prejudice. Cota timely filed an objection (ECF No. 9

18   ("Objection")). As further explained below, the Court overrules Cota's Objection and

19   adopts the R&R in full.

20         This Court "may accept, reject, or modify, in whole or in part, the findings or

21   recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

22   timely objects to a magistrate judge's report and recommendation, the Court is required

23   to "make a de novo determination of those portions of the [report and recommendation]

24   to which objection is made." *Id.* The Court's review is thus de novo because Cota filed his

25   Objection. (ECF No. 9.)

26         The Court incorporates by reference and adopts Judge Cobb's recitation of Cota's

27

28
─────────────────────
         [1]Judge Cobb retired after issuing the R&R. (ECF No. 10.) United States Magistrate
Judge Craig S. Denney now presides over this case. (*Id.*)

1    allegations in the R&R. (ECF No. 8 at 5.) Cota specifically objects[2] to Judge Cobb's

2    recommendation that his Complaint be dismissed because Defendants—Douglas County

3    Clerk Bobbie R. Williams and John Doe Deputy Clerk—are protected by absolute quasi-

4    judicial immunity. (ECF Nos. 8 at 5, 9 at 1.) Cota contends that, because Defendants

5    failed to file his state civil rights complaint and still allegedly made the document public,

6    their actions were not a part of the judicial process and they are not protected by quasi-

7    judicial immunity. (ECF No. 9 at 1-2.) However, the Court is unpersuaded by Cota's

8    argument because, to the extent Cota is particularly concerned with the confidentiality of

9    his state court complaint, Cota failed to file a motion to seal the document. (ECF Nos. 1

10   at 5-14, 9 at 4-6.)

11   Moreover, the exhibits Cota provided show that Defendants returned his unfiled

12   state court complaint because Cota needed to either pay a $285 filing fee or complete an

13   IFP Application. (ECF Nos. 1 at 31, 9 at 6.) Defendants' actions indeed fall within the

14   breadth of tasks that are integral to the judicial process and Judge Cobb correctly found

15   that Defendants have absolute quasi-judicial immunity from damages. (ECF No. 8 at 5.)

16   *See Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987)

17   (holding that court clerks have absolute quasi-judicial immunity from damages for civil

18   rights violations when they perform or fail to perform "tasks that are an integral part of the

19   judicial process") (citations omitted); *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002)

20   (noting that absolute quasi-judicial immunity extends to "court clerks and other non-

21   judicial officers for purely administrative acts—acts which taken out of context would

22   appear ministerial, but when viewed in context are actually a part of the judicial function")

23   (citation omitted). The Court therefore agrees with Judge Cobb and finds that Cota's

24   Complaint should be dismissed with prejudice, as amendment is futile.

25   It is therefore ordered that Cota's objection (ECF No. 9) to the Report and

26   Recommendation of U.S. Magistrate Judge William G. Cobb (ECF No. 8) is overruled.

27

28   _____

[2]As to the remaining portions of the R&R that Cota did not object to, the Court finds that Judge Cobb did not clearly err.

1       It is further ordered that Judge Cobb's Report and Recommendation (ECF No. 8)

2  is adopted in full.

3       It is further ordered that Cota's first and third applications to proceed *in forma*

4  *pauperis* (ECF Nos. 1, 4) are denied, and his second application to proceed *in forma*

5  *pauperis* (ECF No. 3) is granted.[3] Cota must pay an initial partial filing fee of $42.70 within

6  30 days of the date of this order. Cota must then make monthly payments of 20 percent

7  of the prior month's income, if his account exceeds $10, until he pays the entire $350

8  filing fee.

9       It is further ordered that the Clerk of Court file the Complaint (ECF No. 1-1).

10       It is further ordered that this case is dismissed with prejudice, as amendment is

11  futile.

12       It is further ordered that Cota's motion for subpoena (ECF No. 5) is denied as moot.

13       It is further ordered that Cota's motion for a ruling on his objection (ECF No. 12) is

14  denied as moot.

15       The Clerk of Court is directed to send a copy of this order to the Chief of Inmate

16  Services for the Nevada Department of Corrections at P.O. Box 7011, Carson City,

17  Nevada 89702.

18       The Clerk of Court is directed to enter judgment accordingly and close this case.

19       DATED THIS 24th Day of March 2022.

20

21  _____

22  MIRANDA M. DU
     CHIEF UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28       [3]The Court only grants Cota's second IFP Application because his first IFP Application did not include his certified account statement, and his third IFP Application is identical to his second one.